Budha v. McHenry

BIA
Golovnin, IJ
A216 433 598

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty-five.

PRESENT:
　　　　DENNY CHIN,
　　　　RICHARD J. SULLIVAN,
　　　　ALISON J. NATHAN,
　　　　　　*Circuit Judges.*
_____

AAYUJ BUDHA,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　23-6351
　　　　　　　　　　　　　　　　　　　　NAC
JAMES R. MCGENRY III, ACTING
UNITED STATES ATTORNEY
GENERAL,
　　　　*Respondent.*
_____

**FOR PETITIONER:**     Dilli Raj Bhatta, Bhatta Law & Associates, New York, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Roberta O. Roberts, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Aayuj Budha, a native and citizen of Nepal, seeks review of a March 29, 2023, decision of the BIA affirming a June 25, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aayuj Budha*, No. A216 433 598 (B.I.A. Mar. 29, 2023), *aff'g* No. A216 433 598 (Immigr. Ct. N.Y.C. June 25, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA and consider only the grounds that the BIA relied on. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard," *Hong Fei*

*Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Budha alleged that members of the Communist Party of Nepal (Maoist Centre) assaulted and threatened him for being a member of the Nepali Congress

Party.  Substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on inconsistencies in Budha's descriptions of his interactions with the police following his second attack.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  In his application, Budha alleged that the police came to the hospital after the second attack and told him that "the incident seemed to be political in nature" but they would "try to find the perpetrator"; when he went to the station the next day, the police told him they do not "usually handle political cases" but "will see what they can do."  Certified Admin. Rec. ("CAR") at 233. His testimony at the hearing differed: he said that when he went to the police station, the police told him that it was a political matter and "they don't really look into it."  *Id.* at 116.  His subsequent testimony added more inconsistency because he stated that the police said "they cannot investigate," *id.* at 133, and he confirmed, contrary to his application, that the police never said they would try to find his attackers, *see id.* at 134–35, 137.  The agency was not required to accept Budha's explanation that the police gave him a false assurance because it did not resolve his inconsistent statements about what the police told him.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must

demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The agency also reasonably relied on Budha's demeanor and responsiveness during his hearing. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). On multiple occasions during cross-examination and questioning by the IJ, Budha did not directly answer the questions asked, and questions either had to be asked multiple times or Budha had to be asked to respond with only "yes" or "no" because of his evasive or elaborative answers. We defer to the trier of fact's assessment of demeanor. *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005) ("We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question.").

The agency further reasonably relied on Budha's failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that

has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ noted, the letters from Budha's father and his neighbors included detailed accounts of events that they did not personally witness, while giving vague accounts of what they allegedly did witness, and thus did not reliably corroborate his claims. S*ee Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). Furthermore, the agency reasonably accorded the letters little weight because none of the declarants were available for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) ("[T]he IJ acted within her discretion in according [the letters] little weight because the declarants (particularly [the petitioner's] wife) were interested parties and neither was available for cross-examination.").

Taken together, Budha's inconsistency about what the police told him, his lack of responsiveness to cross-examination and questions from the IJ, and his lack of objective, reliable corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273; *see also Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more

forcefully."). The adverse credibility determination is dispositive of Budha's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

Budha also makes a due process argument based on the IJ's alleged hostility toward him. As discussed above, there were several instances where the IJ had to repeat questions or ask Budha to answer a question directly. "To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that the IJ or BIA otherwise deprived h[im] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted). And "[p]arties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (quotation marks omitted). Budha has not alleged that he was prevented from presenting evidence nor has he explained how he was prejudiced by the IJ's repetition of questions.

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court